IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FRANCIS WILLIAM MURPHY,<br><br>Defendant. | Cause No. CR 19-32-BLG-SPW<br><br><br>ORDER |

Defendant Murphy moves the Court to clarify the sentence so that it will run concurrently with his state sentence. Murphy pled guilty to being a felon in possession of a firearm and was sentenced to serve 72 months in prison, to be followed by three years' supervised release. *See* Judgment (Doc. 37) at 1–3.

The Judgment provided for concurrent sentences, *see id.* at 2, but Murphy believes the Court intended to say that his 72-month federal sentence and his state sentence would overlap as of the date he was arrested on a federal warrant. *See* Mot. for Clarification (Doc. 43) at 1–2.

Under the circumstances here, "clarifying" the sentence would require correction of the judgment. A sentencing court "may at any time correct a clerical

1

error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Whether a purported error is clerical depends on what the Court found or intended at the time the alleged error arose. *See, e.g., United States v. Ceballos*, 671 F.3d 852, 854 (9th Cir. 2011) (per curiam); *United States v. Bergmann*, 836 F.2d 1220, 1221-23 (9th Cir. 1988); *see also, e.g., United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996) (observing that Rule 36 error "must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.").

Murphy was arrested by the Billings Police Department on November 13, 2018. *See* Presentence Report (Doc. 39) ¶ 10. He was arrested on the federal warrant on April 12, 2019. He appeared in this Court on a writ of habeas corpus ad prosequendum[1] on May 7, 2019. *See* Mot. (Doc. 5); Order (Doc. 6); Writ (Doc. 7); Warrant (Doc. 8); Minutes (Doc. 10). Murphy was sentenced in this Court on November 14, 2019. *See* Minutes (Doc. 36).

To decide whether a correction is appropriate, the Court has reviewed the record of Murphy's case in light of two rules governing execution of all federal sentences.

First, a sentence commences when the defendant either arrives at a federal

---

[1] "Ad prosequendum" means "for purposes of prosecution."

2

detention facility or is placed in federal custody awaiting transportation to a federal facility. *See* 18 U.S.C. § 3585(a). Making a sentence concurrent does not affect the date it commences. The earliest date a federal sentence can begin is the date of sentencing. *See Johnson v. Gill*, 883 F.3d 756, 761–64 (9th Cir. 2018); *Schleining v. Thomas*, 642 F.3d 1242, 1244 (9th Cir. 2011); *see also id.* at 1247 ("A federal sentence cannot be 'backdated' so as to commence before the district court imposed sentence."). To put it another way, when Murphy appeared in this Court, and even when he pled guilty, he was not merely "awaiting transportation to a federal facility." He could not have been "awaiting transportation" until he was actually sentenced to federal prison. And that did not happen until November 14, 2019.

Second, a defendant receives credit for time served in custody before sentencing only if that time is not credited against another state or federal sentence. *See* 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 333–37 (1992); *United States v. Lualemaga*, 280 F.3d 1260, 1265 (9th Cir. 2002).

Both of these rules are established by Congress and cannot be changed by the Court or by the Bureau of Prisons.

On April 10, 2019, Murphy was sentenced for the state offense that led to his arrest on November 21, 2018. *See* Presentence Report ¶ 45. Two days later, when he was arrested on the federal warrant on April 12, 2019, he did not enter

3

federal custody. "When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly." *Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991) (quoting *Crawford v. Jackson*, 589 F.2d 693, 695 (D.C. Cir. 1978)). The Court does not know whether Murphy received credit against his state sentence for the seven months or so that his federal prosecution was ongoing. But if he did, he cannot also receive credit against the federal sentence. *See* 18 U.S.C. § 3585(b).

At the time of sentencing, the Court knew these rules and knew the federal sentence would commence on the date of sentencing, running concurrently with his state sentence from that day forward. Murphy's belief that his state and federal sentences should overlap to a greater extent is understandable, but it is not what the statutes say. The Judgment accurately reflects the Court's intent and need not be corrected.

If Murphy believes his federal sentence is not being executed correctly—for example, if he did *not* receive credit against his state sentence for time in custody before his federal sentencing hearing—he must pursue administrative remedies through the Bureau of Prisons. If that is unsuccessful, he may have a judicial remedy available, but he must pursue it in the District where he is incarcerated rather than in this Court.

Accordingly, IT IS ORDERED that Murphy's motion to clarify or correct the sentence (Doc. 43) is DENIED.

DATED this 27th day of July, 2021.

*Susan P. Watters*
Susan P. Watters
United States District Court